UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE R. HOSKINS as Administrator ) <br> of the Estate of Rhonda Malloy, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COMCAST CORPORATION, ) <br> ) <br> Defendant. ) | No. 1:12-cv-01280-SEB-MJD |

### ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND

This matter is before the Court on Defendant's Motion to Amend Affirmative Defenses to Add Non-Party Designations. [Dkt. 31.] The Court held an emergency hearing on this motion on May 1, 2013, at which the parties appeared by counsel. The Court, being duly advised, **GRANTS** Defendant's Motion.

Defendant seeks leave from the Court to amend its answer and affirmative to defenses to name nonparties pursuant to the Indiana Comparative Fault Act. Ind. Code § 34-51-2-1 et seq. (2008). Specifically, Defendant seeks to name Bethany Cares Home Health Agency, Inc., Stephanie Hoskins (the Administrator of Plaintiff's Estate), Brooke Malloy, Brandon Hoskins, and Gilberto Villarreal as nonparties. Plaintiff objects on the basis that Defendant did not timely add the nonparties pursuant to Indiana Code and that there is not enough time remaining in which to name the nonparties as defendants because the statute of limitations on the claim expires May 8, 2013. Defendant argues that it only learned of the identity of the nonparties during the depositions of Stephanie Hoskins and Brooke Malloy on April 23, 2013. Stephanie Hoskins and Brooke Malloy are the daughters of Plaintiff. Bethany Cares Home Health Agency,

Inc. is Stephanie Hoskins' employer. Brandon Hoskins is Stephanie Hoskins' husband and Gilberto Villareal is the boyfriend of Brooke Malloy.

> Indiana Code requires that
>
> A nonparty defense that is known by the defendant when the defendant files the defendant's first answer shall be pleaded as a part of the first answer. A defendant who gains actual knowledge of a nonparty defense after the filing of an answer may plead the defense with reasonable promptness. However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with: 1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and 2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim.

Ind. Code § 34-51-2-1-16.  At all times, the burden of proof of a nonparty defense is on the defendant. Ind. Code § 34-51-2-1-15; *Templin v. Fobes*, 617 N.E.2d 541, 544-45 (Ind. 1993).

The timeline of events is important. The alleged negligent act of cable installation by Defendant occurred on May 5, 2011. Plaintiff fell over the cable(s) on May 8, 2011, giving rise to the cause of action and thus beginning the clock on the two-year statute of limitations.[1] Plaintiff's estate filed the complaint on September 7, 2012 and Defendant was served with the complaint and summons on September 18, 2012, more than 150 days before the expiration of the limitation of the action. Defendant filed its answer on November 6, 2012 and alleged unidentified individuals or entities as nonparties. An initial pretrial conference was held on December 7, 2012.  Plaintiff served her initial disclosures on January 4, 2013.  Comcast served its first discovery requests on January 11, 2013 and Plaintiff responded thereto on March 5, 2013. March 24, 2013 was the date forty-five days prior to the expiration of the limitation of

---

[1] "An action for injury to person or character. . . must be commenced within two (2) years after the cause of action accrues." Ind. Code § 34-11-2-4.

action. The depositions of Stephanie Hoskins and Brooke Malloy were taken April 23, 2013. It was at these depositions that Defendant learned the identities of the nonparties. Defendant then filed this motion on April 25, 2013. As noted, the statute of limitations of Plaintiff's claim expires May 8, 2013.

If the complaint and summons were served 150 days or less before the expiration of the statute of limitations, then the standard is that the defendant must plead the defense with "reasonable promptness." *Id.*; *Kelly v. Bennett*, 792 N.E.2d 584, 586-87 (Ind. Ct. App. 2003). However, because the complaint and summons were served more than one hundred fifty days prior to the expiration of limitation of this action, "reasonable promptness" is not the standard and the Court must look to the 150/45-day rule. *Kelly*, 792 N.E.2d at 586-87. As Defendant has filed its motion for leave to amend only thirteen days before the expiration of the statute of limitations on this claim, the Court must decide whether the two conditions to alter the 150/45-day rule have been satisfied. *Terre Haute Warehousing Serv. Inc. v. Grinnell Fire Pro. Sys. Co.*, 193 F.R.D. 554, 556 (S.D. Ind. 1999) ("The Act states the two conditions in the conjunctive, so both must be satisfied before the Court may allow the Grinnell defendants' amendment.") The pending matter is most analogous to *Terre Haute*, so it is important to analogize and distinguish from that case.

In *Terre Haute*, the plaintiffs' cause of action accrued on March 19, 1996, with a two-year statute of limitations expiring March 19, 1998. *Id.* at 556. The complaint was filed August 11, 1997, more than 150 days before the expiration of the statute of limitations. *Id.* The Case Management Plan was approved on January 16, 1998 which allowed for discovery through August 31, 1999.[2] *Id.* The statutory 45-day deadline for pleading the nonparty defense lapsed on February 1, 1998. *Id.* On February 4, 1998, defendants served its first discovery requests on

---

[2] The Case Management Plan was amended to extend the deadlines. *Id.*

plaintiffs. *Id.* On March 9, 1998, plaintiffs requested an extension of time to respond to the discovery requests. *Id.* The two-year statute of limitations expired on March 19, 1998. *Id.* On April 10, 1998, plaintiffs responded to the discovery requests. *Id.* Defendants took the deposition of an employee of one of the plaintiffs from May 11 – 13, 1999 which lead to the identity of a nonparty. *Id.* at 555. Defendants subsequently filed their motion for leave to amend its answer on May 27, 1999. *Id.* The court found that the first prong had been satisfied as the defendants pursued a reasonable pace and course of pretrial litigation and defendants were not afforded a reasonable opportunity to discover the potential nonparty before the expiration of the 45-day deadline and the statute of limitation. *Id.* at 557.

Similarly, the Court finds that the first prong has been satisfied in the instant case. As noted, Defendant was served with the summons and complaint on September 18, 2012. Pursuant to Fed. R. Civ. P. 26(d)(1), no discovery could be served until after the parties had conferred as required by Rule 26(f). While the date of the Rule 26(f) conference was not provided, the Court notes that a proposed Case Management Plan was filed on November 30, 2012. A Case Management Plan was entered by the Court on December 11, 2013. That Plan provided that initial disclosures were to be served on or before January 7, 2013. As noted, Plaintiff served her initial disclosures on January 4, 2013. Defendant served its initial written discovery within one week of the service of Plaintiff's initial disclosures. Plaintiff obtained an informal enlargement of time and responded to that discovery 53 days after its service. Comcast requested dates for the depositions of Stephanie Hoskins and Brooke Malloy on March 27, 2013 and those depositions were scheduled and conducted on April 23, 2013 as noted above.

During the hearing, Plaintiff admitted that none of the discovery provided would have provided the identities of Gilberto Villareal or Bethany Cares Home Health Agency, Inc. to

4

Defendant prior to the April 23, 2013 depositions. Plaintiff does contend that Defendant was aware of the presence of Stephanie Hoskins, Brandon Hoskins and Brooke Malloy in the decedent's home prior to her fall. However, Comcast convincingly argues that the specific presence of those three individuals inside Rhonda Malloy's home during the period between the installation of the cable and Ms. Malloy's fall, their knowledge of the presence of the cable, as well as the fact that Ms. Hoskins may have been present in the capacity of a paid home health care provider, were not known until the April 23, 2013 depositions.

In sum, the Court finds that Defendant was reasonably diligent in conducting discovery and there were no unreasonable delays. Although reasonable promptness is not the standard, the Court further finds that Defendant did in fact act with reasonable promptness in discovering and naming the individuals and entity sought to be named as nonparties in the instant motion.

As *Terre Haute* put it, the more difficult issue is whether Plaintiff has a reasonable opportunity to add the nonparties as additional defendants to the action before the period of limitation applicable to the claim. *Id.* However, the issue in *Terre Haute* was whether the second prong could be satisfied *after* the expiration of the limitation of action. *Id*. Here, that is not the case as the statute of limitation has not yet expired. While *Terre Haute* searched for a way to interpret the statute as to allow for satisfaction of the second prong, *Id.* at 557-60, here, the Court only needs to look to the plain language of the statute and determine whether Plaintiff has a reasonable opportunity to add the nonparties as additional defendants. The Court finds that Plaintiff does.

Although Plaintiff has only seven days to assert a claim against any additional defendants, which is a minimal amount of time in the abstract, the question faced by the Court need not be addressed in the abstract. The Court finds that the remaining time available to the

5

Plaintiff to join any defendants in this action is a reasonable time to amend the complaint and serve the listed nonparties as defendants in this case. All of the nonparties Defendant seeks to name are either a party to the case or closely connected to the party in the case. Specifically, Stephanie Hoskins is a named party as the administrator of the Estate of her mother Rhonda Malloy; Brandon Hoskins is Stephanie Hoskins' husband; Brooke Malloy is Rhonda Malloy's daughter and Stephanie Hoskins' sister; Gilberto Villareal is Brooke Malloy's live-in boyfriend; and Bethany Cares Home Health Agency is Stephanie Hoskins' employer.

Plaintiff argued that the seven days remaining before the expiration of the statute of limitations was an insufficient period for Plaintiff's counsel to perform the necessary due diligence, seek leave to amend the complaint and then serve any newly-named defendants. However, on closer questioning by the Court, Plaintiff's counsel admitted that all four individuals are readily available to Plaintiff's counsel to both interview in order to perform any necessary due diligence and to serve with any pleadings naming them as defendants. Furthermore, any liability that Bethany Cares may bear in this matter would appear to derive vicariously from the actions of its employee, Stephanie Hoskins, thereby facilitating Plaintiff's due diligence examination and, through minimal effort, the Court was able to locate the registered agent of Bethany Cares in New Castle, Indiana via the Indiana Secretary of State's website. Plaintiff's counsel conceded at the hearing that he could not articulate any barriers to prevent the conduct of the necessary due diligence or any problem locating and serving the four individuals or Bethany Cares before the expiration of the statute of limitation. Therefore, the Court finds that both prongs of the analysis have been satisfied.

Accordingly, the Court finds it appropriate to alter the time limitations in Ind. Code § 34-51-2-1-16 in order to allow Defendant to amend its answer to name the nonparties in question.

Defendant's Motion To Amend Affirmative Defenses to Add Non-Party Designations is hereby **GRANTED** and the Amended Answer and Affirmative Defenses attached as Document No. 31-2 is hereby deemed filed as of the date of this Order. In recognition of the short time available to act, the Court, *sua sponte* and without objection from Defendant, **GRANTS** Plaintiff leave to amend the complaint and join Bethany Cares Home Agency, Inc., Stephanie Hoskins, Brooke Malloy, Brandon Hoskins and/or Gilberto Villareal as parties without any further action required from the Court.

Date: 05/02/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

James E. Zoccola
LEWIS & KAPPES
jzoccola@lewis-kappes.com

Sara R. Blevins
LEWIS & KAPPES
sblevins@lewis-kappes.com

David W. Stewart
STEWART & STEWART
dave@getstewart.com

Jeremy S. Baber
STEWART & STEWART
jeremy@getstewart.com